UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL ALAN YOCOM,<br><br>Plaintiff,<br><br>v.<br><br>COUNTY OF TULARE, et al.,<br><br>Defendants. | Case No. 1:21-cv-00849-HBK (PC)<br><br>ORDER TO SHOW CAUSE WHY COURT SHALL NOT DIMISS THIS ACTION FOR PLAINTIFF'S FAILURE TO PROSEUCTE THIS ACTION AND/OR COMPLY WITH A COURT ORDER<br><br>AUGUST 21, 2023, DEADLINE |

This matter comes before the Court upon periodic review of the file. Plaintiff Michael Yocum, a state prisoner appearing, initiated this action by filing a pro se civil rights complaint under 42 U.S.C. § 1983 on May 26, 2021. (Doc. No. 1). Plaintiff did not accompany his complaint with the $402.00 filing fee or an application requesting to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. On June 2, 2021, the Court ordered Plaintiff, within thirty (30) days to submit an application to proceed *in forma pauperis* or pay the $402.00 filing fee. (Doc. No. 3). The Court expressly warned Plaintiff that a failure to comply with the June 2, 2021 Order will result in a dismissal of this action. (*Id*.). As of the date of this Order, Plaintiff has not submitted an application to proceed *in forma pauperis* or paid the filing fee. *See* docket.

Federal Rule of Civil Procedure 41(b) permits courts to involuntarily dismiss an action when a litigant fails to prosecute an action or fails to comply with a court order. *See* Fed. R. Civ. P. 41(b); *see Applied Underwriters v. Lichtenegger*, 913 F.3d 884, 889 (9th Cir. 2019) (citations

omitted); *Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005) ("[T]he consensus among our sister circuits, with which we agree, is that courts may dismiss under Rule 41(b) *sua sponte*, at least under certain circumstances."). Local Rule 110 similarly permits courts to impose sanctions on a party who fails to comply with a court order.

Before dismissing this action, the Court will afford Plaintiff an opportunity to show cause why the Court should not dismiss this action for Plaintiff's failure to prosecute this action and/or failure to comply with a court order.[1] In the alternative, Plaintiff may file an application to proceed *in forma pauperis* or pay the $402.00 filing fee. Because no defendant has yet been served, Plaintiff may choose to file a Notice of Voluntary Dismissal without prejudice under Federal Rule of Civil Procedure 41(a)(1) if he no longer wishes to prosecute this action.

Accordingly, it is **ORDERED**:

1. **No later than August 21, 2023**, Plaintiff shall deliver to correctional officials for mailing his response to the Order to Show Cause.
2. Alternatively, by the same date, Plaintiff must deliver an application to proceed *in forma pauperis* along with a prison trust account statement reflecting the 6 months of transactions in his prison account; or (2) pay the $402.00 filing fee.
3. If Plaintiff fails to timely comply with this order, or request an extension by showing good cause, the undersigned will recommend the Court dismiss this case for Plaintiff's failure to comply with a court order and/or prosecute this action.

Dated:   July 31, 2023

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

---

[1] Further, the Court cannot conduct a proper screening on Plaintiff's Complaint under 28 U.S.C. §1915A until he submits an application to proceed *in forma pauperis* or pays the filing fee The Complaint alleges a medical deliberate indifference claim and an access to court claim. (*See generally* Doc. No. 1). Upon a preliminary review of the Complaint, the undersigned finds it fails to state a cognizable claim.