UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL ALAN YOCOM,<br><br>Plaintiff,<br><br>v.<br><br>COUNTY OF TULARE, MIKE BOUDREAUX, WELL PATH MEDICAL GROUP, and DR. LIBERSTEIN,<br><br>Defendants. | Case No.  1:21-cv-00849-HBK (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION TO APPOINT COUNSEL<br><br>(Doc. No.  16)<br><br>ORDER DIRECTING CLERK TO PROVIDE PLAINTIFF WITH COURTESY COPY OF COMPLAINT |

Pending before the Court is Plaintiff's pleading titled "Reply; and Request for Counsel Appointment" filed August 25, 2023.  (Doc. No. 16).  Plaintiff, a prisoner, is proceeding pro se and *in forma pauperis* in this civil rights action.  (Doc. Nos. 1, 13).   Plaintiff seeks appointment counsel because he is "gravely disabled" and "mentally unfit to be able to choose his own medication since August 2018."  (Doc. No. 16).  In support of his request, Plaintiff attaches an order from an Administrative Law Judge (ALJ) authorizing correctional officials to administer Plaintiff psychiatric medication for the period of May 30, 2023 through May 30, 2024.  (*Id*. at 5-7).  Plaintiff states he requires counsel so as not confuse his habeas and civil rights cases. Plaintiff also states he no longer has a copy of his Complaint.  (*Id*. at 2).

The United States Constitution does not require appointment of counsel in civil cases.  *See Lewis v. Casey*, 518 U.S. 343, 354 (1996) (explaining *Bounds v. Smith*, 430 U.S. at 817, did not

create a right to appointment of counsel in civil cases). Under 28 U.S.C. § 1915, this court has discretionary authority to appoint counsel for an indigent to commence, prosecute, or defend a civil action. *See* 28 U.S.C. § 1915(e)(1) (stating the court has authority to appoint counsel for people unable to afford counsel); *see also United States v. McQuade*, 519 F.2d 1180 (9th Cir. 1978) (addressing relevant standard of review for motions to appoint counsel in civil cases) (other citations omitted). However, motions to appoint counsel in civil cases are granted only in "exceptional circumstances." *Id.* at 1181. The court may consider many factors to determine if exceptional circumstances warrant appointment of counsel including, but not limited to, proof of indigence, the likelihood of success on the merits, and the ability of the plaintiff to articulate his or her claims *pro se* in light of the complexity of the legal issues involved. *Id.*; *see also Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *withdrawn in part on other grounds on reh'g en banc*, 154 F.2d 952 (9th Cir. 1998).

Plaintiff has not met his "burden of demonstrating exceptional circumstances." *Jones v. Chen*, 2014 WL 12684497, at *1 (E.D. Cal. Jan. 14, 2014). Plaintiff does not indicate the nature of his alleged "mental illness" or how it affects his ability to prosecute this action. Indeed, a review of the pleadings filed by plaintiff to date show he can articulate his claims in this case. *See Brown v. Reif*, 2019 WL 989874, at *2 (E.D. Cal. Mar. 1, 2019) (denying appointment of counsel where the plaintiff's filing demonstrate ability to properly litigate case despite mental illness). Further, a review of the findings attached to Plaintiff's motion note that only if Plaintiff is not administered psychiatric medication is he "gravely disabled and lacks the capacity to consent or to refuse treatment with psychiatric medications." (Doc. No. 16 at 6).

The fact that Plaintiff is litigating a habeas petition at the same time of the instant action does not warrant the appointment of counsel. These are normal challenges faced by pro se litigants, especially pro se plaintiffs that are incarcerated. *Siglar v. Hopkins*, 822 F. App'x 610, 612 (9th Cir. 2020) (denying appointment of counsel because the plaintiff's "circumstances were not exceptionally different from the majority of the challenges faced by pro se litigants.")

Plaintiff has filed a complaint, a motion for an extension of time, and appropriately responded to the Court's July 31, 2023 Order to Show Cause by filing an application to proceed

*in forma pauperis*. (*See generally* docket). Based upon the record, the Court finds Plaintiff has not demonstrated that appointment of counsel is necessary at this stage of the proceedings. *See Allen v. Calderon*, 408 F.3d 1150, 1153 (9th Cir. 2005) ("A party proceeding pro se in a civil lawsuit is entitled to a competency determination when substantial evidence of incompetence is presented."). Further, the Court finds the circumstances of this case at this time do not indicate that appointed counsel is necessary to prevent due process violations.

Plaintiff also states he no longer has "a copy of the lawsuit." (Doc. No. 16). Liberally construed, Plaintiff is requesting a copy of his Complaint. Neither Plaintiff's pro se status nor his prisoner status entitle him to receive complimentary copies. *Blair v. CDCR*, 2018 WL 1959532, at *6 n. 2 (E.D. Cal. Apr. 25, 2018). Nonetheless, to expedite this matter, the Court will direct the Clerk to provide Plaintiff with a copy of his complaint in order that he may respond to the Court's August 25, 2023 screening order.

Accordingly, it is **ORDERED**:

1. Plaintiff's motion for appointment of counsel (Doc. No. 16) is DENIED.
2. The Clerk of Court shall provide Plaintiff with a courtesy copy of his complaint (Doc. No. 1).

Dated:    September 5, 2023

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE